1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA McGUINNESS (SBN 159420)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone: 510/832-5001
4  Facsimile: 510/823-4787

5  Attorneys for Plaintiff
   JEFF STIVERS

ORIGINAL FILED
NOV 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JEFF STIVERS,

    Plaintiff,

v.

ALDO NUNEZ dba LA PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS ASSOCIATES, A LIMITED PARTNERSHIP; SMITH FAMILY TRUST; AND DOES 1-10, INCLUSIVE,

    Defendants.
_____/

CASE NO. C08-05188 CW ADR
Civil Rights

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING (CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND 55; and HEALTH & SAFETY CODE §§19955, *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990

DEMAND FOR JURY TRIAL

Plaintiff JEFF STIVERS complains of defendants ALDO NUNEZ dba LA PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS ASSOCIATES, A LIMITED PARTNERSHIP; SMITH FAMILY TRUST; and DOES 1-10, Inclusive, and each of them, and alleges as follows:

1.    **INTRODUCTION:**    This case involves the denial of accessible public facilities, including parking, paths of travel, access to the entrances, interiors, public restrooms, and related facilities, to plaintiff and other disabled persons at the La Prima Pizza restaurant (hereinafter sometimes "Restaurant" or

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -1-        S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

"La Prima"), located at 1010 Adams St., St. Helena, California. Plaintiff Jeff Stivers is a "person with a disability" or "physically handicapped person," due to two lower limb amputations. Plaintiff requires the use of a wheelchair or prosthetic limbs, or other mobility assistive devices for mobility and is unable to use portions of public facilities which are not accessible to disabled persons, including those who require the use of a wheelchair. Plaintiff was denied his rights to full and equal access at these facilities, and was denied his civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the La Prima Pizza restaurant will be provided properly disabled accessible facilities. Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1 and 55.

3. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

4. **INTRADISTRICT:** This case should be assigned to the San

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -2-    S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5. **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk and requires use of a wheelchair or other mobility assistive device, including prosthetics, to assist him with locomotion. Defendants ALDO NUNEZ dba LA PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS ASSOCIATES, A LIMITED PARTNERSHIP; SMITH FAMILY TRUST; and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of the business, property, buildings and/or portions thereof located at 1010 Adams St., St. Helena, California. This Restaurant and its adjacent parking facilities are each a "public accommodation and business establishment" subject to the requirements of California Health & Safety Code §19955 *et seq.* and of California Civil Code §§51, 54 *et seq.* On information and belief, this Restaurant has, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.* Construction and alterations since July 1, 1982 also subjected these facilities to the requirements of California's Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990.

6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -3-    S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

7.  Defendants ALDO NUNEZ dba LA PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS ASSOCIATES, A LIMITED PARTNERSHIP; SMITH FAMILY TRUST; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject business, property and/or building at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY (California Health & Safety Code §§ 19955, *et seq.*, Civil Code §§54.1, *et seq.*)**

8.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

9.  Plaintiff Jeff Stivers and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq.*

10. Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5,

apply to the La Prima Pizza restaurant, located at 1010 Adams St., St. Helena, California, and to the parking facilities and exterior paths of travel in the adjacent parking lot. The codes relating to such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the subject building and to its parking facilities during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 *et seq*.

11. **FACTUAL STATEMENT:** On or about August 26, 2008, plaintiff Jeff Stivers visited the La Prima Pizza restaurant, located at 1010 Adams St., St. Helena. Plaintiff, who is disabled as a double lower limb amputee and uses a wheelchair for mobility, was driving his disabled accessible licensed vehicle. Because there were no accessible parking spaces anywhere in the La Prima Pizza restaurant's parking lot, plaintiff parked his vehicle in a "regular" parking space, but parking there did not provide plaintiff a properly accessible and safe path of travel from the parking lot to the Restaurant.

12. After plaintiff exited his van, he tried to proceed down the driveway in his wheelchair toward the La Prima Pizza restaurant entrance, but plaintiff had difficulty traveling on this route because the route went behind other parked

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -5-     S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

vehicles and was in the vehicular path of travel, and was also excessively steep in places. At the Restaurant's entrance, plaintiff found the entry door excessively heavy to open, but was able to enter.

13. Inside the Restaurant plaintiff required use of the restroom before ordering. However, he was told by defendants' employees that the only restrooms were upstairs, and were unavailable to a wheelchair user. As a result, plaintiff suffered a bodily functions accident, to his humiliation and embarrassment. He was forced to return to his vehicle and go home to change out of his clothes. Plaintiff's clothes were wet and soiled, and he suffered physical, mental and emotional injury, all to his damages.

14. These public facilities are inaccessible to persons with disabilities in multiple aspects, including but not limited to the following: the lack of the required number, location and configuration of accessible and van-accessible parking facilities; inaccessible paths of travel from all parking spaces to the Restaurant; entry problems at the Restaurant as to door weight and hardware, landing size and slope; and inaccessible public restrooms located on the second floor; all rendering these premises illegally inaccessible to and unuseable by physically disabled persons, including plaintiff. All facilities must be brought into compliance with all applicable federal and state statutory and regulatory requirements.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -6- S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

17. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and cannot return to use the Restaurant and its facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to return and patronize the Restaurant once legally required access has been provided. Plaintiff has also been deterred from patronage of the Restaurant by its lack of properly accessible interior and parking facilities. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court. As to those of the defendants that currently own, operate, and/or lease (from or to) the subject Restaurant, plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny equal access for disabled persons, and for reasonable attorney fees.

18. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -7-    S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code §19953 and California Civil Code § 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code § 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

19. **DAMAGES:** As a result of the denial of equal access to these facilities, and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code §54.3, including statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

20. **TREBLE DAMAGES** - Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1, and 54.3. At all times herein mentioned, defendants were fully aware that significant numbers of potential users of their public facilities are and will be physically disabled persons. Further defendants knew that some of Restaurant's patrons would be and were physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, defendants installed and maintained the physical barriers

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -8- S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

complained of. On information and belief, defendants failed to remove these barriers even after complaints to defendants' employees by plaintiff and other disabled persons, and have failed to provide properly accessible facilities as required by state and federal law. Defendants have continued their illegal and discriminatory policies and practices despite actual knowledge that people with physical mobility disabilities attempt to patronize the subject public facilities and encounter illegal barriers when they do so.

21. At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon plaintiff and upon other physically disabled persons, but defendants have failed and refused to rectify these violations, and presently continue a course of conduct of failure to remove architectural barriers that discriminate against plaintiff and similarly situated disabled persons.

22. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the provisions of California Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -9-   S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

## SECOND CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
## CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,
## ON THE BASIS OF DISABILITY

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 22, above, and incorporates them herein by reference as if separately repled hereafter.

24. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

25. Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple respects, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code § 52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -10-    S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

# THIRD CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §§ 12101 *et seq.*

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 25 of this Complaint, and incorporates them herein as if separately repled.

27. Pursuant to law, in 1990 the United States Congress made findings per 42 USC § 12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." On information and belief, the number of disabled persons protected by the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), is now in excess of fifty million Americans, as of the filing of this Complaint.

28. Congress stated as its purpose in enacting the Americans with Disabilities Act of 1990 (42 USC § 12101(b)), that:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -11- S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

29. As part of the ADA, Congress enacted "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, per § 301(7)(B), which includes "a restaurant, bar, or other sales or rental establishment serving food or drink."

30. Pursuant to § 302, 42 USC § 12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

31. Among the specific prohibitions against discrimination were included:

<u>§ 302(b)(1)(A)(ii)</u>: "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

<u>§ 302(b)(2)(A)(ii)</u>: "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

<u>§ 302(b)(2)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

32. The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA, as well as per California Health and Safety Code § 19959.

33. On information and belief, as of the date of plaintiff's efforts to dine at the La Prima Pizza restaurant, and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -13-   S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

accommodations, in violation of §302 of the ADA, 42 USC §12182.

34. Pursuant to the Americans with Disabilities Act, 42 USC §§ 12188 *et seq.*, § 308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of § 302 and § 303. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to these public accommodations since on or before plaintiff's encounters, as previously noted. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

35. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

## PRAYER

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property and premises and related

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -14-  S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd

facilities to provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA § 308(a) and state law directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

  2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

  3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

  4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

  5. Award prejudgment interest pursuant to Civil Code § 3291; and

  6. Grant such other and further relief as this Court may deem just and proper.

Dated: November 10, 2008

LAW OFFICES OF PAUL L. REIN

*/s/ Paul L. Rein*

By PAUL L. REIN
Attorneys for Plaintiff
JEFF STIVERS

//
//
//
//

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: November 10, 2008

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
JEFF STIVERS

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -16-   S:\SLR\CASES\L\LA PRIMA PIZZA\LA PRIMA.CMP.wpd