PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
JEFF STIVERS


JAMES ROSE, ESQ. (SBN 109726)
KATHERINE HELDT FALACE, ESQ. (SBN 222744)
LAW OFFICES OF JAMES R. ROSE
1500 Railroad Ave.
St. Helena, CA 94574
Telephone:707/967-9656
Facsimile: 707/963-0771
roselawinc@sbcglobal.net

Attorneys for Defendants
ALDO NUNEZ dba LA PRIMA PIZZA;
ELIZABETH NUNEZ; ADAMS ASSOCIATES,
A LIMITED PARTNERSHIP;
SMITH FAMILY TRUST

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF STIVERS, | CASE NO. C-08-05188 CW |
| Plaintiff, | <u>Civil Rights</u> |
| v. | CONSENT DECREE AND ORDER |
| ALDO NUNEZ dba LA PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS ASSOCIATES, A LIMITED PARTNERSHIP; SMITH FAMILY TRUST; and DOES 1-10, inclusive, | |
| Defendants. | |

1.  Plaintiff JEFF STIVERS filed a Complaint in this action on November 17, 2008, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce

1. provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendants ALDO NUNEZ dba LA PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS ASSOCIATES, A LIMITED PARTNERSHIP; and SMITH FAMILY TRUST, relating to the condition of their public accommodations as of Plaintiff's visit on or about August 26, 2008, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at La Prima Pizza restaurant located at 1010 Adams St. in St. Helena, California.

2. Defendants ALDO NUNEZ dba LA PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS ASSOCIATES, A LIMITED PARTNERSHIP; and SMITH FAMILY TRUST deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.*, and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55; and Title 24, California Code of Regulations.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW    −2−    C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\CONSENT DECREE.PL.wpd

in the Complaint filed with this Court. Accordingly, they agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Consent Decree and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

    a) **Remedial Measures:** The parties agree that defendants will make the following remediations:

        i. Provide one van-accessible parking space with all the required pavement, ISA and towing notification signage.

        ii. Develop and accessible entrance to the restaurant at the entry door from the parking lot.

        iii. Post signage on the Adams Street entry to the facility, indicating the location of the accessible entrance to the facility.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW    −3−    C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\CONSENT DECREE.PL.wpd

       iv. Reconfigure the exterior landing of the door from the parking lot in order to provide 34" minimum of strike side clearance on the pull side of the door, or install an automatic door opener.

       v. Lower the hardware on the entry door from the parking lot to comply with the California Building Code.

       vi. Install a kick plate, or remove the folding hardware, on the entry door from the parking lot.

       vii. Post an ISA sign at the entry door from the parking lot.

       viii. Install tactile exit signs at each exit.

       ix. Lower a 36" minimum long section of the main service counter to between 28"-24" above the finished floor.

       x. Lower the jukebox of install a fixed item underneath so that it is no longer a protruding object.

       xi. Provide contrast striping on the stairs as required by the California Building Code.

       xii. Provide handrails on the stairs in compliance with the California Building Code and ADAAG requirements.

       xiii. On the upstairs patio door, replace or adjust the closer to provide a maximum 5 lbs push pressure.

       xiv. Provide a minimum of four wheelchair seating spaces on the ground floor.

       xv. Construct an accessible restroom and path of travel in compliance with subparagraph ( c) below.

    b) **Timing of Injunctive Relief:** For work not requiring building permits, defendant will complete the work within 60 days of entry of this Consent Decree and Order by the Court. For work requiring building permits, defendants

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW     —4—     C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\CONSENT DECREE.PL.wpd

will submit plans for all corrective work to the appropriate governmental agencies within 30 days of the entry of this Consent Decree and Order by the Court. Defendants will commence work within 30 days of receiving approval from the appropriate agencies. Defendants will complete the permitted work within 60 days of commencement. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel in writing when all the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree and Order.

      c)    **Construction of accessible restroom:**

      I.    Defendant shall apply to the City of St. Helena for permits, variances and/or hardship exceptions allowing defendant to construct an accessible restroom in conformity with paragraph 6, above. Defendant shall make such applications within 21 days of October 1, 2009. Defendant shall in good faith process all required applications to achieve and meet the City's requirements constructing such restroom.

      ii.    In the event defendants are denied permits or other approvals by the City of St. Helena necessary to construct the restroom, defendants shall notify plaintiff within 10 days of such denials. Plaintiffs may elect to pursue legal recourse against the City of St. Helena at such time. Neither the plaintiff nor defendants shall have any obligation to initiate legal action against the City. Both plaintiff and defendant will stipulate to the filing of an action against the City if requested by the other party.

      iii.    In the event that the cost of providing an accessible restroom is not "readily achievable" in the opinion of defendants, defendants

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW     -5-     C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\CONSENT DECREE.PL.wpd

expressly reserve the right to litigate the issue of whether constructing an accessible restroom is readily achievable as a matter of law. Such decision by defendants shall not affect the other terms of this Consent Decree, which shall remain in full force and effect.

**SETTLEMENT OF DAMAGES**

7. Defendants will pay damages in the sum of $14,000.00 payable to the order of Paul L. Rein in trust for Jeff Stivers, within 30 days of October 1, 2009. Defendants are jointly and severally liable for the total amount of the damages.

**SETTLEMENT OF ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

8 The parties have not reached an agreement regarding Plaintiff's claims for attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, and/or motions to the Court.

**COMPLIANCE**

9. If defendants fail to comply with any provision of this Consent Decree they will pay plaintiff's reasonable attorney fees, costs and litigation expenses incurred in enforcing the terms of this Consent decree, in addition to reasonable attorney fees, costs and litigation expenses incurred in litigating the other aspects of this case.

**ENTIRE CONSENT ORDER:**

10. This Consent Decree and Order constitutes the entire agreement between the signing parties on the matters of injunctive relief and damages. No

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW         —6—         C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\CONSENT DECREE.PL.wpd

other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties that is not contained in this written Consent Decree and Order shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to Plaintiff's claims for injunctive relief and damages only and does not resolve Plaintiff's claims for attorney fees, litigation expenses and costs.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

11. This Consent Decree and Order shall be binding on Plaintiff JEFF STIVERS and upon all defendants, including ALDO NUNEZ dba LA PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS ASSOCIATES, A LIMITED PARTNERSHIP; SMITH FAMILY TRUST; and any successors in interest. Defendants have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

12. Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, and excluding plaintiff's pending claims for statutory damages, attorney fees, litigation expenses and costs, the parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW
—7—
C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\CONSENT DECREE.PL.wpd

execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

    13.    Except for all obligations required in this Consent Decree and Order, and exclusive of the referenced continuing claims for attorney fees, litigation expenses and costs, each of the parties to this Consent Decree and Order, on behalf of themselves, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

    14.    This Consent Decree and Order shall be in full force and effect for a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief and attorney fees, costs and litigation expenses contemplated by this Consent Decree and Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for twelve (12) months after the date of this Consent Decree and Order, or until the injunctive relief and attorney fees, costs and litigation expenses contemplated by this Consent Decree and Order is completed, whichever occurs later.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: _____, 2009    PLAINTIFF JEFF STIVERS

_____
JEFF STIVERS

Dated: _____, 2009    DEFENDANTS ALDO NUNEZ dba LA PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW                          -9-         C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\CONSENT DECREE.PL.wpd

ASSOCIATES, A LIMITED PARTNERSHIP;
SMITH FAMILY TRUST


By: _____

APPROVED AS TO FORM:

Dated: _____, 2009          PAUL L. REIN, ESQ.
                               CELIA McGUINNESS, ESQ.
                               LAW OFFICES OF PAUL L. REIN


                               By: _____
                                    Attorneys for Plaintiff JEFF STIVERS

Dated: _____, 2009          JAMES ROSE, ESQ.
                               KATHERINE HELD FALACE, ESQ.
                               LAW OFFICES OF JAMES R. ROSE


                               By:_____
                                    Attorneys for Defendants ALDO NUNEZ dba LA
                                    PRIMA PIZZA; ELIZABETH NUNEZ; ADAMS
                                    ASSOCIATES, A LIMITED PARTNERSHIP;
                                    SMITH FAMILY TRUST


**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: __Oct. 5__, 2009          _____
                                 Honorable CLAUDIA WILKEN
                                 United States District Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C-08-05188 CW                       -10-         C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\CONSENT DECREE.PL.wpd